IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MAURICE PENNY, SR., Register No. 50243, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-4121-CV-C-NKL |
| | ) | |
| JOHN ENNENBACH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT, RECOMMENDATION AND ORDER**

     Plaintiff Maurice Penny, Sr., an inmate confined in the Boone County Correctional Center, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Named as defendants are John Ennenbach, Brian Poynter, Shelly Martin, Gary Roberts, Riley Nichols and Kent Richardson.

     Plaintiff alleges defendants used excessive force against him, in violation of his Eighth Amendment rights.

     Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

     Plaintiff's claims against defendant Sgt. Shelly Martin should be dismissed. A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. Boyd v.

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990).

Plaintiff makes no allegation that defendant Martin was personally involved in the excessive use of force against him, but rather, that she became aware of the altercation only after the fact.

Although plaintiff's allegations may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage against the remaining defendants regarding the excessive use of force.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915. The records available to the court indicate plaintiff is not capable of making an initial payment[2] toward the filing fee at this time.

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

---

[2]The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915. If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

2

Plaintiff has filed motions requesting appointment of counsel. Title 28 U.S.C. § 1915 authorizes the court to request an attorney to represent an individual who is unable to afford counsel. Nevertheless, it is the general practice of this court to deny requests for appointment of counsel in the very early stages of the proceedings before an answer has been filed, or discovery has commenced. If plaintiff's claims survive dispositive motions, or if it later appears that special circumstances justify appointment of counsel at an earlier stage, plaintiff may renew his request. Accordingly, it is

ORDERED that plaintiff's motions for appointment of counsel are denied, without prejudice. [3, 9] It is further

ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915. It is further

ORDERED that the clerk of court forward appropriate process forms to plaintiff. It is further

ORDERED that within twenty days, plaintiff return the completed summons and service forms showing the address where defendant may be served. It is further

ORDERED that upon receipt of the completed forms, the clerk of court deliver the summons and complaint to the United States Marshal for service of process. It is further

ORDERED that the United States Marshal attempt service of process in accord with Fed. R. Civ. P. 4(e)(1), if mail service is attempted, or if mail service cannot be effected, by personal service under Fed. R. Civ. P. 4(e)(2). It is further

ORDERED that defendants answer or otherwise respond, pursuant to Rules 4 and 12, Federal Rules of Civil Procedure, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that plaintiff's claims against defendant Sgt. Shelly Martin be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

3

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 18th day of August, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge